UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 1:08-M-0069A |
| | : | |
| LUIS E. FONTALVO | : | |

**MEMORANDUM AND ORDER**

Defendant is charged with attempting to possess heroin with intent to distribute and conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. The charges relate to the controlled delivery on March 19, 2008 of an intercepted Federal Express package containing approximately 400 grams of heroin. On May 2, 2008, Defendant appeared before this Court for a preliminary hearing held pursuant to Fed. R. Crim. P. 5.1. Defendant was represented by privately retained defense counsel at this hearing. At the conclusion of the hearing, this Court took the issue of probable cause under advisement. For the reasons discussed below, this Court finds PROBABLE CAUSE, pursuant to Fed. R. Crim. P. 5.1(e), to believe that the charged offenses were committed and that Defendant committed those offenses.

**Discussion**

    **A.**    **Preliminary Hearing Standards**

It is well established that the Government's burden to establish probable cause at this preliminary stage is relatively low. A preliminary hearing under Fed. R. Crim. P. 5.1 is narrow in scope. Its purpose is solely to test whether "probable cause" exists as to the offense(s) charged. It is not a discovery mechanism for defendants, and it is not a trial to determine guilt or innocence.

Although mere suspicion does not suffice, probable cause may be found where there is a "fair probability," based on the totality of the circumstances, that a defendant committed the offense charged. See United States v. Mims, 812 F.2d 1068, 1072 (8th Cir. 1987), quoting Illinois v. Gates, 462 U.S. 213, 231 (1983). The Federal Rules of Evidence generally are not applicable at preliminary hearings, Fed. R. Evid. 1101(d)(3), and accordingly, a probable cause finding may be based, in whole or in part, on hearsay evidence.

### B.     Probable Cause as to Defendant Fontalvo

The Government relied upon the sworn Affidavit of ICE Agent Brendan Hickey (Gov't Ex. 1), as well as the testimony of Detective Corporal John A'Vant of the Rhode Island State Police, in support of its burden to establish probable cause. The Government has met its burden.

Defendant's primary attack focused on the issue of knowledge. In particular, the absence of direct evidence of Defendant's knowledge that the package in question contained illegal narcotics. Defendant's counsel suggested that Defendant was a minor link in the distribution chain and "duped" into picking up the package without knowledge of its illegal contents. Alternatively, he suggested that Mr. Figueroa, an alleged co-conspirator, may have tricked Defendant into picking up the package to save himself from prosecution.

Although there is no direct evidence of knowledge, there is sufficient circumstantial evidence to support a finding of probable cause. For instance, the Affidavit indicates that Mr. Figueroa stated that Defendant was paying him $300.00 each to accept packages for him. When Mr. Figueroa advised Defendant that his package had arrived, Defendant told Mr. Figueroa, during a monitored telephone conversation, to put the package in a bag, and Defendant promptly arrived at Mr. Figueroa's apartment to pick it up. After his arrest, Defendant consented to a search of his

apartment and, according to Detective A'Vant, a receipt was seized that had the Federal Express tracking number of the package in question written on it, in, allegedly according to Defendant's common law wife, Defendant's handwriting. According to the Affidavit, the Federal Express package contained approximately 400 grams of heroin hidden inside two industrial-size metal bolts.

In addition, the Affidavit indicates that Defendant discussed a second DHL package with Mr. Figueroa. Defendant allegedly told Mr. Figueroa he wanted to pick up the second DHL package and asked him to check on it. Mr. Figueroa stated that he tracked packages for Defendant on the Internet. The DHL package was later intercepted and searched pursuant to a warrant, and found to contain approximately two and one-half kilograms of heroin. Finally, although Defendant is unemployed and did not report any recent employment, the sum of $16,480.00 was found inside a bedpost during the search of Defendant's apartment.

Although direct evidence of knowledge is absent, the evidence links Defendant to two packages containing substantial amounts of heroin. In particular, the note found in Defendant's apartment containing the Federal Express tracking number of the first Federal Express package and Defendant's references to the second DHL package in his monitored telephone conversation with Mr. Figueroa. Under the totality of the circumstances, it belies common sense to suggest that Defendant was oblivious to the nature of the contents of these packages.

Defense counsel's thorough arguments on behalf of Defendant against a finding of probable cause were, for the most part, based on technicalities rather than a common sense view of the entirety of the evidence. While such technical arguments may have been more compelling if this Court was constrained to a "reasonable doubt" standard at this stage, they do not convince this Court that probable cause has not been established as to this Defendant. Viewing the evidence in its

entirety and in a practical, common sense fashion, this Court concludes that the evidence presented by the Government meets its preliminary burden of establishing probable cause that Defendant committed the offenses charged in the Criminal Complaint.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 5, 2008